IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

REGINALD MCRAE,                :
                               :
        Petitioner,            :
                               :
v.                             :     Civil Action No. 04-289-JJF
                               :
THOMAS CARROLL,                :
Warden, and M. JANE            :
BRADY, Attorney General        :
of the State of                :
Delaware,                      :
                               :
        Respondents.           :

_____

Reginald McRae. Pro Se Petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

_____


**MEMORANDUM OPINION**


May 31, 2005
Wilmington, Delaware

Farnan, District Judge

## I. INTRODUCTION

Petitioner Reginald McRae is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the Court is Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition"). (D.I. 2.) For the reasons that follow, the Court concludes that Petitioner's Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. BACKGROUND

On July 20, 2000, a Kent County jury found Petitioner guilty of one count of trafficking cocaine (16 DEL. C. ANN. § 4753A(a)(4)(a)), possession of cocaine (16 DEL. C. ANN. § 4753), possession of drug paraphernalia (16 DEL. C. ANN. § 4774(a)), maintaining a vehicle for keeping controlled substances (16 DEL. C. ANN. § 4755(a)(5)), driving under the influence (21 DEL. C. ANN. § 4177(a)), reckless driving (21 DEL. C. ANN. § 4175), failure to stop on command (21 DEL. C. ANN. § 4103(a)), and driving while suspended (21 DEL. C. ANN. § 2756). The State moved to sentence Petitioner as a habitual offender, and on September 19, 2000, the Kent County Superior Court sentenced Petitioner to a life sentence pursuant to 11 DEL. C. ANN. § 4214(b) for the trafficking conviction.

Petitioner filed a timely appeal with the Delaware Supreme

Court, arguing that: (1) his convictions for both trafficking in cocaine and possession of cocaine subjected him to double jeopardy; (2) the cocaine introduced at trial should have been suppressed due to a gap in the chain of custody; (3) he should not have been sentenced as a habitual offender; (4) the Superior Court judge failed to personally interrogate the jurors during voir dire; (5) testimony by a prosecution witness from the Office of the Medical Examiner should have been excluded; (6) insufficiency of the evidence to support his convictions; and (7) ineffective assistance of counsel.  The Delaware Supreme Court reversed Petitioner's conviction on the possession of cocaine charge, but affirmed his convictions on the other charges.  See McRae v. State, 782 A.2d 265 (Table), 2001 WL 1175349 (Del. Oct. 1, 2001).  The Delaware Supreme Court remanded the possession charge to the Superior Court, directing it to enter an order removing the conviction and sentence for the possession charge, but "preserv[ing] all of his other convictions and sentences." Id. at **6.  On November 9, 2001, the Superior Court issued a revised sentence order dismissing the charge for possession of cocaine.  See State v. McRae, 2002 WL 31815607, at *1.

On June 3, 2002, Petitioner filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  He presented four allegations of ineffective assistance of counsel.  The

Superior Court denied Petitioner's Rule 61 motion, and the Delaware Supreme Court affirmed this decision. McRae v. State, 825 A.2d 239 (Table), 2003 WL 21241352 (Del. May 27, 2003).

## III. DISCUSSION

Petitioner's pro se petition for federal habeas relief asserts the following claims: (1) ineffective assistance of counsel for failing to move to dismiss the indictment because the two charges for trafficking cocaine and possession of cocaine with intent to deliver violated the Double Jeopardy Clause; (2) he was never given a hearing on the habitual offender determination; (3) ineffective assistance of counsel for failing to investigate a witness' work records; and (4) ineffective assistance of counsel for failing to investigate and call defense witnesses. (D.I. 2.)

Respondents ask the Court to dismiss the Petition as time-barred. (D.I. 10, at 3.) Petitioner's habeas Petition is ready for review.

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by

state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 Petition, filed on May 6, 2004, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), when a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the [ninety-day] time [period] for seeking certiorari review expires." Kapral v. United States, 166 F.3d 565, 575, 578 (3d

4

Cir. 1999); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

In the present case, the Delaware Supreme Court affirmed Petitioner's convictions and sentences on October 1, 2001.[1] Petitioner's conviction became final ninety days later, on December 30, 2001. To be timely, Petitioner had to file his Petition by the end of December 2002. Petitioner, however, did not file his Petition until May 6, 2004.[2] Thus, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. See Jones, 195 F.3d at 158. The Court will discuss each doctrine in turn.

---

[1] The Delaware Supreme Court's remand of the cocaine possession conviction back to the Superior Court does not affect the finality of the Delaware Supreme Court's October 1, 2001 mandate. The mandate clearly states that all of Petitioner's other convictions and charges are preserved; the purpose of the remand was only for the Superior Court to issue a revised sentence order dismissing the possession of cocaine conviction. See, e.g., Del. Super. Ct. R. 61(m)(2)("If the defendant files a direct appeal . . . [a judgment of conviction becomes final] when the Supreme Court issues a mandate or order finally determining the case on direct review.").
Regardless, even if November 11, 2001, the date of the Superior Court's revised sentence order, triggers the limitations computation, the Petition is still time-barred. As explained infra at 6, after allowing for statutory tolling, the Court concludes that Petitioner filed his Petition 133 days too late. If November 11, 2001 is the triggering date, then Petitioner filed his Petition 92 days late. Either way, Petitioner's Petition is time-barred.

[2] The Petition is dated May 10, 2004, but it is stamped "Filed" by the Clerk on May 6, 2004. The earlier date applies here.

**B. Statutory Tolling**

Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998); see also Artuz v. Bennett, 531 U.S. 4, 8 (2000)("[a]n application [for state post-conviction relief] is **properly** filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings").

Here, when Petitioner properly filed his Rule 61 motion on June 3, 2002, 154 days of the AEDPA's limitations period had already lapsed. The Rule 61 motion tolled the limitations period through May 27, 2003, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the Rule 61 motion. The limitations clock resumed on May 28, 2003, and ran without interruption until its expiration on December 24, 2003. Thus, even with statutory tolling, Petitioner filed his Petition 133 days too late. The next issue is whether equitable tolling can

6

render the Petition timely.

### C. Equitable Tolling

It is well-settled that the AEDPA's limitations period may be subject to equitable tolling, but federal courts apply this doctrine sparingly. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). The one-year limitations period will be tolled "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting Midgley, 142 F.3d at 179).

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159.

Petitioner has not alleged, and the Court cannot discern, any extraordinary circumstances that prevented Petitioner from complying with the AEDPA's limitations period. To the extent Petitioner made a mistake or miscalculation regarding the one-year period, such mistakes do not justify equitable tolling. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Thus, equitable tolling is not warranted in this situation.

Accordingly, the Court will dismiss the Petition as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would

find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The Court finds that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, a certificate of appealability will not be issued.

## V. CONCLUSION

Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. An appropriate Order will be entered.